UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV2333 HEA |
| | ) | |
| FRANCIS G. SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law and for New Trial, [Doc. No. 263]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

## Background

This action was tried before a jury from February 29, 2016 through March 3, 2016. The Court denied Defendants' oral motions for judgment as a matter of law at the close of Plaintiff's case and at the close of all the evidence. The jury returned its verdict in favor of Plaintiff and against Defendants Garrett and Sharp on March 4, 2016.

Plaintiff alleged that his federal civil rights were violated when he was arrested, convicted and imprisoned for a period of over five years based on false

evidence manufactured by defendants Garrett and Sharp.  The jury rendered its verdict in the amount of $2,500,000.00 in favor of the Plaintiff.

**Standards**

A motion for judgment as a matter of law should be granted only if the jury's verdict is utterly lacking in evidentiary support. *In re Prempro Prods. Liab. Litig.,* 586 F.3d 547, 571 (8th Cir. 2009). When deciding a Rule 50 motion, the Court must construe the evidence most favorably to the prevailing party and draw all inferences in his favor, denying the motion "if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Western Am., Inc. v. Aetna Cas. and Sur. Co.*, 915 F.2d 1181, 1183 (8th Cir. 1990). The Court may not make credibility determinations or weigh the evidence. *In re Prempro,* 586 F.3d at 572 (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

On a motion for judgment as a matter of law, the Court must give "great deference to the jury's verdict." *Heaton v. The Weitz Co., Inc.,* 534 F.3d 882, 889 (8th Cir.2008)(citation omitted).  The nonmoving party receives the benefit of all inferences which can be drawn without resort to speculation. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* 401 F.3d 901, 908–09 (8th Cir.2005). Indeed, the court must consider the evidence in the light most favorable to the jury verdict. Specifically, the Court assumes all conflicts in the evidence were resolved in Plaintiff's favor, assume Plaintiff proved all facts that his evidence tended to

2

prove, and give Plaintiff the benefit of all favorable inferences that reasonably may be drawn from the proven facts. *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1009 (8th Cir.2008)(citations omitted). The court must make "all reasonable inferences in favor of the nonmoving party and view[ ] the facts most favorably to that party." *Lee ex rel. Lee v. Borders,* 764 F.3d 966, 971 (8th Cir.2014); *see also In re Prempro,* 586 F.3d at 571.

A motion for new trial under Rule 59, Fed.R.Civ.P., is appropriate "when the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." *Bank of America N.A. v. JB Hanna, LLC,* 766 F.3d 841, 851 (8th Cir.2014). When the jury instructions are challenged, the question is "whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." *Lee,* 764 F.3d at 972. Granting a new trial because of jury instructions "is only warranted if a party's substantial rights are prejudiced by instructional error." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 720 (8th Cir.2008).

**Discussion**

**Judgment as a Matter of Law**

**Conspiracy**

Defendants argue that there was no evidence that Defendant Garrett had any material involvement in Plaintiff's arrest on December 9, 2003, and no evidence that he conspired with Defendant Sharp to deprive Plaintiff of his rights. In order to present a submissible case, Plaintiff was required to prove that two or more persons conspired to deprive him of a constitutional right that at least one of those persons took an overt act in furtherance of the conspiracy, and by which he was injured. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). As Plaintiff points out, although there may not have been direct evidence to establish Garrett and Sharp entered into an agreement to deprive Plaintiff of his rights, Plaintiff presented evidence that Sharp sought out Garrett and requested him to join him on the narcotics case involving Plaintiff. Both Defendants had previously worked with another officer, Vincent Carr, who was later indicted with Garrett for federal crimes involving on duty drug transactions. The jury also heard evidence that Garrett pled guilty to the federal crimes and that Sharp retired in the wake of these events. Conflicting evidence was presented regarding the surveillance of 5894 Cates. Evidence was also presented that Garrett interviewed Plaintiff. Plaintiff elicited evidence from both Defendants which tended to question their credibility regarding the Defendants' relationship *vis a vis* Plaintiff's arrest and conviction.

The Eighth Circuit has held

" '[t]he question of the existence of a conspiracy to deprive the plaintiff[ ] of [his] constitutional rights should not be taken from the jury if there is a

possibility the jury could infer from the circumstances a "meeting of the minds" or understanding among the conspirators to achieve the conspiracy's aims.' " *White,* 519 F.3d at 816 (quoting *Larson v. Miller,* 76 F.3d 1446, 1458 (8th Cir.1996) (en banc)). Because [Plaintiff] put forth "'at least some facts which would suggest that [Defendants] "reached an understanding" to violate [his] rights,' " this question was reserved for the jury. *City of Omaha Emps. Betterment Ass'n,* 883 F.2d at 652 (quoting *Nelson,* 876 F.2d at 59).

*Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016).

**Malicious Prosecution**

Defendant Garret argues he is entitled to judgment as a matter of law on Plaintiff's malicious prosecution claim.

Under Missouri Law, to prevail on a claim for malicious prosecution, "a plaintiff must prove: '1) commencement of an earlier suit against plaintiff; 2) instigation of the suit by defendant; 3) termination of the suit in plaintiff's favor; 4) lack of probable cause for the suit; 5) malice by defendant in instituting the suit; and 6) damage to plaintiff resulting from the suit.' *State ex rel. Police Ret. Sys. Of St. Louis v. Mummert,* 875 S.W.2d 553, 555 (Mo.1994) (en banc)." *Zike v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 646 F.3d 504, 509 (8th Cir. 2011).

Defendant Garrett challenges element two, instigation of the suit. He argues that there is no evidence that he took any action to stimulate, promote or encourage Plaintiff's prosecution, nor that there is any evidence that any action taken by Garrett caused Plaintiff to be prosecuted. As Plaintiff points out, the jury could

5

reasonably conclude that Garrett had instigated Plaintiff's prosecution through his involvement in the surveillance, the transportation of Plaintiff to the police holding area, questioning Plaintiff and having him sign the money waiver. The jury heard evidence from both Defendants about the events surrounding Plaintiff's arrest; the credibility of the witnesses was exclusively within the jury's purview.

**False Imprisonment**

> Under Missouri law to prevail on a claim for false arrest, also termed "false imprisonment," a plaintiff must show that the defendant confined the plaintiff without legal justification. *Highfill v. Hale,* 186 S.W.3d 277, 280 (Mo.2006) (en banc). A defendant is considered to have "confined" the plaintiff for the purposes of false arrest if he or she "encourages, causes, promotes, or instigates the arrest." *Id.* (citing *Day v. Wells Fargo Guard Serv. Co.,* 711 S.W.2d 503, 505 (Mo.1986) (en banc)).

*Zike,* 646 F.3d at 512.

Similar to the malicious prosecution claim, the jury heard the evidence and made credibility determinations based on all of the evidence.

## New Trial

Defendants contend they are entitled to a new trial because of erroneous evidentiary rulings and erroneous jury instructions. Initially, Defendants argue that Plaintiff's prior arrest and conviction should have been admitted pursuant to Rule 404(b) of the Federal Rules of Evidence. As Plaintiff correctly argues, Plaintiff's knowledge and intent were not at issue in this matter. Plaintiff brought this action

seeking recovery for a violation of his rights; at issue was whether Defendants' actions violated Plaintiff's rights.

> Rule 404(b) provides that evidence of prior bad acts, though inadmissible to show that a person acted in conformity with the prior act, may be admissible for other purposes, such as proof of motive, opportunity, intent, and absence of mistake or accident. Fed.R.Evid. 404(b). Evidence is admissible under Rule 404(b) if it is "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the [event at issue]." *United States v. Aranda,* 963 F.2d 211, 215 (8th Cir.1992) (citation omitted).

*Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998).

The 1996 plea is a classic example of "other crimes, wrongs, or acts" evidence prohibited by Rule 404(b). It is intended to show that Plaintiff has been involved in drug trafficking. Defendants have not presented any convincing arguments as to why the 1996 plea was admissible for "other purposes" under Rule 404(b). Defendants clearly attempted to use the 1996 plea to establish Plaintiff's propensity to engage in drug trafficking.

Defendant Garrett also argues he was entitled present the conviction pursuant to Rule 608(b). Rule 608(b) provides that the Court may, on cross-examination, allow specific instances of a witness' character for truthfulness to be inquired into, if they are probative of the character for truthfulness or untruthfulness. Plaintiff did not question the accuracy of Garrett's testimony in the

2005, and therefore, Rule 608(b) could not provide a basis upon which to allow him to testify about Plaintiff's 1996 conviction.

Defendant urges that he should have been allowed to put the 1996 conviction and Plaintiff's statement that he allegedly made that he was a "small crack dealer" into evidence because it was intrinsic evidence and necessary to provide context for the parties' claims and defenses. The Court is unpersuaded. The 1996 conviction was 20 years prior to this trial, Plaintiff did not argue that Defendants' trial testimony provided the basis for this action, and never questioned Garrett about what his testimony was in the former trial.

**Instructions**

"A new trial based on errors in jury instructions will only be granted where the error likely affected the jury's verdict." *Process Controls Intern., Inc. v. Emerson Process Management,* 2013 WL 2420360, at *2 (E. D.Mo. June 3, 2013) (citing *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 720 (8th Cir.2008)). Jury instructions are generally committed to the sound discretion of the trial court and the trial court is entitled to a great deal of deference in their formulation. *See Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,* 606 F.3d 494, 499 (8th Cir.2010)). "The instructions need be neither technically perfect nor a model of clarity." *Id.* "The jury instructions are to be considered in their entirety and even a single, erroneous instruction (which Plaintiff does not concede exists in this case)

8

does not require reversal if the charge as a whole fairly and adequately submits the issue to the jury." *Bauer v. Curators of the University of Missouri,* 2011 WL 2940455, at *2 (W.D.Mo. July 19, 2011).

Defendants argue that Instruction 15 allowed the jury to find a conspiracy based on a "mere modicum of evidence." To the contrary, when read in conjunction with instruction 14, the jury was properly instructed that each element must be proven by the preponderance of the evidence.

Defendants also argue that the inclusion of the definition of "instigate" in Instructions 16 and 17 requires a new trial. The definition was an accurate and complete definition.

> To instigate means "'to stimulate or goad to an action, especially a bad action'; and that one of its synonyms is 'abet,' which 'means, in law, to aid, promote, or encourage the commission of an offense.'" *Snider v. Wimberly,* 357 Mo. 491, 209 S.W.2d 239, 242 (1948) (quoting *115 *State v. Fraker,* 148 Mo. 143, 165, *loc. cit.*, 49 S.W. 1017, 1022 (1899)).

*Crow v. Crawford & Co.*, 259 S.W.3d 104, 114–15 (Mo. Ct. App. 2008), and it was within the Court's discretion to include the definition of the term in the instructions.

Taken as a whole, the Court finds the jury instructions fairly and adequately represented the evidence and applicable law in light of the issues presented to the jury. *Swipies v. Kofka,* 419 F.3d 709, 716 (8th Cir.2005) (internal quotation marks and citation omitted)). The Court finds nothing to suggest that the instruction

"misled the jury or had a probable effect on the verdict." *Process Controls,* 2013 WL 2420360, at *2 (quoting *Friedman,* 606 F.3d at 499).

**Future Damages**

Defendants claims that the Court erred in instructing the jury on the availability of future damages arguing that there was no evidence in this case that Plaintiff will suffer damages in the future as a result of the conviction. Contrary to Defendants' position, Plaintiff testified that he continues to experience pain and suffering.

> As to the lack of evidentiary support for the future damage instruction it may be conceded that no direct evidence was adduced that plaintiff would have disability or pain in the future although defendant's doctor conceded a person could have difficulty for several years. Plaintiff relies upon the recognized rule that "'the long continuance of conditions existing at the hearing of the cause is sufficient to warrant the giving of an instruction on future pain and suffering * * * and 'makes a situation where it is for the jury to determine the probable duration of the injury." *Harrison v. Weller*, Mo.App., 423 S.W.2d 226(6—8). The evidence of such conditions may come solely from the plaintiff and need not be corroborated by medical evidence, and in fact may be in conflict with medical evidence on the question. *Palmer v. Lasswell*, Mo.App., 267 S.W.2d 492(9—11); *Johnston v. Owings*, Mo.App., 254 S.W.2d 993(13).

*Jones v. Allen*, 473 S.W.2d 763, 766 (Mo. Ct. App. 1971). Plaintiff was entitled to present his testimony of his pain and suffering he continues to experience and it was within the purview of the jury to consider it and award damages for future damages.

**Testimony of Hal Goldsmith**

The Court allowed Mr. Goldsmith's testimony for the limited purpose of Defendant Garrett's convictions. Mr. Goldsmith testified regarding the specific charges for which Garrett was convicted; Defendant Garrett was unable to recall the names and details of several of the crimes. The testimony was not cumulative.

Nor was the testimony unduly prejudicial. Defendant did not object to the admission of his convictions, and as such, Mr. Goldsmith's testimony about the crimes Garrett committed was not unduly prejudicial in light of Garrett's lack of recall.

**Testimony of Angela Wingo**

On June 20, 2014, Judge Charles Shaw, in his consolidated Memorandum and Order discussed Dr. Wingo's background, qualifications, methodology and the extent to which she should be allowed to testify with respect to Plaintiff. Defendants' arguments that her testimony should have been excluded are without merit. The jury heard the testimony regarding the applicable standards for police practices and police department policies. This testimony aided the jury in making its determination as it related to the facts of this case. Dr. Wingo's testimony was properly limited and properly allowed.

**Conclusion**

The Court gives great deference to the jury's verdict. Defendants have failed to satisfy the afore stated burdens of establishing that they are entitled to a judgment as a matter of law or a new trial. The Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law and for New Trial, [Doc. No. 263], is denied.

Dated this 11th day of January, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE