IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| MICHAEL HOLMES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 4:12CV2333 HEA |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR FRANCIS G. SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Petitions for Attorney's Fees and Costs [Doc. Nos. 267 and 628] filed by the Plaintiff. Defendants Garrett and Sharp oppose the Petitions.

## **Background**

On December 17, 2012, , Plaintiff sued the Board of Police Commissioners of the St. Louis Metropolitan Police Department and Defendants Garrett and Sharp pursuant to 42 U.S.C. § 1983, claiming violation of his Fourth, Fifth and Fourteenth Amendment rights for wrongful deprivation of his freedom. The individual members of the Board of Police Commissioners were granted summary judgment on March 26, 2015. Following a trial, the jury found in favor of Plaintiff and against Defendants Garrett and Sharp. The jury awarded damages totaling $2,500,000.

Plaintiff's counsel now seeks an award of attorney fees and expenses pursuant to 42 U.S.C. § 1988(b). Defendants concede that Plaintiff was the prevailing party in his claims against Garrett and Sharp, and is entitled to recover reasonable attorney fees. Defendants argue, however, that the fees and expenses claimed by Plaintiff ($416,660.0-fees, 18,508.00-expenses) for over 1300 hours are excessive.

## DISCUSSION

A court has discretion to award reasonable attorneys' fees to a party who prevails in a claim filed under 42 U.S. C. § 1983. 42 U.S.C. § 1988(b). Importantly, a trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir.1997). The Eighth Circuit reviews legal issues relating to fee awards *de novo* and factual determinations for abuse of discretion. See *Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002). The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort" to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433–34. The fee applicant must also use "billing judgment" to exclude hours that would not properly be billed to a client, because time not properly billed to a client should not be paid by an adversary pursuant to statutory authority. *Id*. at 434.

To determine reasonable attorneys' fees under Section 1988, "the most useful starting point is ... the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433. This calculation is referred to as the "lodestar approach." See, e.g*., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). There is a strong presumption that the lodestar calculation represents a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

When a plaintiff has only limited success, the extent of that success "is a crucial factor in determining the proper amount of an award of attorneys' fees under 42 U.S.C. § 1988." *Hensley*, 461 U.S. at 440. The court must consider whether a plaintiff's unsuccessful claims "were unrelated to the claims on which [the plaintiff] succeeded" and whether "the level of success" achieved by the plaintiff "makes the hours reasonably expended a satisfactory basis for making a fee award." *Id*. at 434. When a plaintiff's claims "involve a common core of facts or [are] based on related legal theories [, m]uch of counsel's time will be devoted generally to the litigation as a whole." *Id*. at 435. In that situation, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

"Where a plaintiff has obtained excellent results, [the plaintiff's] attorney should recover a fully compensatory fee, [which will n]ormally ... encompass all

hours reasonably expended on the litigation." *Id*. Significantly, the Eighth Circuit has explained this as meaning that a "plaintiff who has won excellent results... is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which [the plaintiff] did not win." *Jenkins*, 127 F.3d at 716.

If, however, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. As the Supreme Court concluded:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from [the plaintiff's] successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [the plaintiff's] attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Id*. at 440.

The principle of awarding a fully compensatory fee to plaintiffs who have not prevailed on all of their asserted claims recognizes that:

> in the real world, litigation is more complex [than in the movies], involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.
>
> Given this reality, we have made clear that plaintiffs may receive fees under Section 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes. That "result is what matters," we explained in Hensley ..., 461 U.S. [at] 435 ...: A court should compensate the plaintiff for the time [the plaintiff's] attorney reasonably spent in achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention." *I[d]*. The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved." *I[d]*. (internal quotation marks omitted). But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of [the plaintiff's] civil rights.

*Fox v. Vice*, 563 U.S. 826, 834 (2011). Rather, "Congress authorized fees to plaintiffs to compensate them for the costs of redressing civil rights violations; accordingly, a plaintiff may receive fees for all work relating to the accomplishment of that result, even if 'the plaintiff failed to prevail on every contention raised.'" *Fox*, 563 U.S. at 836 n.3 (quoting *Hensley*, 461 U.S. at 435).

A prevailing party may also recover as part of an award under Section 1988 the party's "[r]easonable expenses of litigation." *SapaNajin v. Gunter*, 857 F.2d 463, 465 (8th Cir. 1988). Such expenses are "the sort that lawyers ordinarily

include in their bills to clients." *Neufeld v. Searle Labs.*, 884 F.2d 335, 342 (8th Cir. 1989) (Age Discrimination in Employment Act case).

The Court may then adjust the fee upward or downward depending on a variety of factors, including those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *Hensley*, 461 U.S. at 434-35. As the Court noted in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986), however, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." 478 U.S. at 564.

Next, the Court must determine a reasonable hourly rate. "[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult." *Blum*, 465 U.S. at 495, fn. 11. "Where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award." *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988).

Plaintiffs' Fee Award

Prevailing plaintiff status

Plaintiff contends he is the prevailing party entitled to a fully compensatory attorneys' fee. Defendants concede that Plaintiff is the "prevailing party" for purposes of an award of attorneys' fees and costs under Section 1988. In general, prevailing party status "is determined on the outcome of the case as a whole, rather

than by piecemeal assessment of how a party fares ... along the way." *Jenkins*, 127 F.3d at 714. By any measure, Plaintiff achieved an exceptional outcome in this case.

Hourly rates

Plaintiff requests hourly rates of $520.00 for Mr. Jon Loevy, $400.00 for Mr. Richard Dowd, Mr. Douglas Dowd, and Ms. Keen, $350.00 for Ms. Laura Lumaghi and Ms. Rachel Steinback, $335.00 for Mr. Alex Lumaghi, $330.00 for Mr. David Owen, and $250.00 for Ms. Sarah Grusin. Plaintiff contends the documentation he submitted in support of the motions demonstrate his attorneys' requested hourly rates are consistent with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

In general, "a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828–29 (8th Cir. 2002) (quotation marks and citation omitted). In setting a reasonable hourly rate, a court may consider its own experience and knowledge of prevailing market rates, as well as the experience, skill, and expertise of the attorney seeking an award under Section 1988. See *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (court's own knowledge); *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991) (hourly rates for a

7

Section 1988 award should reflect counsel's 'special skill and experience') (quotation marks and citation omitted)).

Plaintiff's attorneys filed affidavits setting forth their legal education, legal experience, and other information, including rates awarded in several cases, to support their requested hourly rates. Based upon a review of Plaintiffs' affidavits and published surveys of market rates for attorneys in this area, the Court finds the hourly rates sought by Plaintiffs' attorneys are reasonable, with the exception of Mr. Loevy, whose rate will be reduced to $450.00. See *S.M. v. Lincoln Cty.*, No. 4:12CV02276 PLC, 2016 WL 6441587, at *1–10 (E.D. Mo. Nov. 1, 2016) and *Fletcher v. Tomlinson*, No. 4:14-CV-999 RLW, 2016 WL 6069497, at *2–9 (E.D. Mo. Oct. 14, 2016)(approving hourly rate of $450.00); *Banks v. Slay*, No. 4:13CV02158 ERW, 2016 WL 5870059, at *2–4 (E.D. Mo. Oct. 7, 2016)(Requested $450.00 rate was, however reduced to $355.00).

Hours

Plaintiffs seek compensation as follows:

Richard K. Dowd 106.1 hrs. x $400 per hour = $ 42,440.00

Douglas P. Dowd 2.3 hrs x $400 per hour = $ 920.00

Laura G. Lumaghi 8.0 hrs. x $350 per hour = $ 2,800.00

Alex R. Lumaghi 129.50 hrs. x $335 per hour = $ 43,382.50

The total amount of attorneys' fees incurred in this matter is therefore $89,542.50.

| Name | Hours | Rate | Total |
|---|---|---|---|
| Jon Loevy | 22 | $520 | $11,440 |
| Roshna Bala Keen | 285.35 | $400 | $114,140 |
| Rachel Steinback | 148 | $350 | $51,800 |
| David B. Owens | 230 | $330 | $75,900 |
| Sarah Grusin | 136.25 | $250 | $34,062.5 |
| Total Spent | 833.95 | | $292,309 |
| TOTAL SOUGHT | 821.6 | | $287,343 |
| Caroline Hirst (Paralegal) | 110.5 | $150 | $16,575 |
| Kelsey Lutz (Paralegal) | 39.75 | $150 | $5,962.5 |
| Mort Smith (Investigator) | 108.25 | $150 | $16,237.5 |
| TOTAL | 239 | | $38,775 |

Defendants contend that the total amount of time should be reduced due to the transition to new counsel. The Court agrees that the transition period for Plaintiff's change of counsel necessarily involves redundant efforts. Accordingly, Ms. Keen and Ms. Steinback's hours will be reduced by 17.5 hours, each.

Additionally, Defendants argue that the Loevy firm's request for fees for five lawyers, two paralegals and an investigator in the litigation establishes inefficiency. Although more than one attorney at trial is reasonable, the Court agrees with Defendants that five total and three attorneys, a paralegal and an investigator at trial is somewhat inefficient, requiring a 5% decrease in the total award for the Loevy firm.

Expenses

Plaintiffs also request an award of $18,508.77 in non-taxable costs Plaintiff provided documentation supporting these expenses, and Defendants do not object to the non-taxable costs Plaintiffs itemized. Finding the requested amount reasonable and proper to award under Section 1988, the court grants Plaintiffs' unopposed and supported request for an award of non-taxable costs incurred while representing Plaintiffs in this case.

**Conclusion**

**IT IS HEREBY ORDERED** that Plaintiffs' petitions for fees and expenses [Doc. Nos. 267 and 268] are **GRANTED**.

Plaintiffs are awarded reasonable attorneys' fees and costs under Section 1988 as follows:

$89,542.50 to Dowd and Dowd, P.C.

Jon Loevy 22 $450                $9900

Roshna Bala Keen 269.85 $400    $107,940

Rachel Steinback 130.50 $350    $45,675

David B. Owens 230 $330         $75,900

Sarah Grusin 136.25 $250        $34,062.5

**Loevy & Loevy Attorneys' Fees Total: $273,477.50 less 5%= $259,803.63**

Caroline Hirst      110.5 $150   $16,575

(Paralegal)

Kelsey Lutz         39.75 $150   $5,962.5

(Paralegal)

Mort Smith

(Investigator) 108.25 $150       $16,237.5


TOTAL       239                  $38,775

Expenses of $18,508.77 are awarded to Loevy & Loevy.

Dated this 15th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE